**Law Offices of Avrum J. Rosen, PLLC**
*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                          Chapter 7

      LET GROUP LLC,                                       Case No.: 20-42855-ess

                    Debtor.
-----------------------------------------------------------x

## REPORT OF SALE OF THE ESTATE'S RIGHT, TITLE AND INTEREST IN CERTAIN TRADEMARKS, INTELLECTUAL PROPERTY, INTERNET DOMAIN NAMES AND WEBSITES

**TO:   THE HONORABLE ELIZABETH S. STONG, UNITED STATES BANKRUPTCY JUDGE:**

David J. Doyaga, Sr., the Chapter 7 Trustee (the "Trustee") for the Estate of Let Group LLC (the "Debtor"), by and through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this Report of Sale in connection with the sale of the estate's right, title and interest in: (a) U.S. Registered Trademark No. 4056254: KBBQ; (b) U.S. Registered Trademark No. 3971933: Korilla (collectively, the "Trademarks"); (c) to the extent transferable, the Debtor's domain names and websites including the "Korillabbq.com" website, and the Facebook, Twitter, and Instagram accounts and similar accounts utilizing the Trademarks; and (d) to the extent transferable, all of the Debtor's intangibles, and/or intellectual property of any kind or nature including patents, copyrights, trademarks, trade secrets, designs, ideas, discoveries, improvements, concepts, inventions, invention disclosures, trade dress, proprietary technology, proprietary processes and

1

formulae, business methods, recipes, menus, proprietary programs, proprietary software, domain names, customer and supplier lists and contact information, phone numbers, Twitter feeds and Facebook pages (collectively, the "Assets"), and respectfully represents as follows:

## BACKGROUND

1.      On August 4, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief from its creditors pursuant to Chapter 7 of the Bankruptcy Code.

2.      David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's bankruptcy estate and, by operational of law, became the permanent Chapter 7 Trustee of the Debtor's bankruptcy estate.

## THE ASSETS

3.      As of the Petition Date, the Debtor was the owner of the Assets described above.

4.      Upon information and belief, the Assets are, among other things, trademarks, intellectual property and internet domain names and websites relating to the restaurant industry[1].

## SALE PROCESS

5.      The Trustee's marketing efforts initially resulted in the Trustee entering into an asset purchase agreement with KC2 Enterprises, LLC (the "Stalking Horse Purchaser") to purchase the Assets for $10,000.00. The Stalking Horse Purchaser is represented by Mr. Samuel Goldman, Esq. ("Mr. Goldman").

---

[1] The Trustee makes no representations or warranties as to the Assets and the Assets are being sold "as is", "where is", "with all faults" as per the approved bidding procedures.

6.      On February 16, 2021, this Court entered an Order [Dkt. No. 22] (the "363 Order") authorizing the Trustee to, among other things, enter into the stalking horse contract with the Stalking Horse Purchaser and to sell the Assets to the highest and best bidder at an auction sale (the "Auction Sale") that was to be conducted on March 15, 2021.

7.      The Trustee received a timely qualifying bid from Mr. Ethan Lee ("Mr. Lee") and, on March 15, 2021, the Trustee conducted the Auction Sale in accordance with the 363 Order. Both Mr. Goldman and Mr. Lee were present at the Auction Sale.

8.      The Trustee, in his business judgment, set the opening bid for the Assets at $12,500.00. Mr. Lee was the successful bidder at the Auction Sale and purchased the Assets for the amount of $12,500.00. The Stalking Horse Purchaser, through Mr. Goldman, did not place a bid for the Assets.

9.      It should be noted that both prior to the Auction Sale and during the Auction Sale, the Stalking Horse Purchaser, through Mr. Goldman, attempted to interfere with the Auction Sale and the Trustee's orderly administration of the estate. A copy of the Auction Sale transcript evidencing Mr. Goldman's efforts to interfere with the Auction Sale is annexed hereto as **Exhibit "A"** and the Trustee urges the Court to review this transcript.

[*Remainder of Page Intentionally Left Blank*]

## MARKETING CAMPAIGN

10.     The Trustee's strategy for marketing the Assets and the Auction Sale was to advertise the Assets in the New York Times. A copy of the New York Times Publication of Sale and the Affidaivt of Publicaton have been filed the Court and docketed as Dkt. No. 24.

**WHEREFORE**, the Trustee believes that the highest and best results were achieved for the sale of the Assets.

Dated: March 15, 2021
        Huntington, New York

Respectfully submitted,

**Law Offices of**
**Avrum J. Rosen PLCC**
*Attorneys for David J. Doyaga, Sr.*
*Chapter 7 Trustee of the Estate of*
*Let Group LLC*

By:     */s/ Avrum J. Rosen*
        Avrum J. Rosen, Esq.
        Alex E. Tsionis, Esq.
        38 New Street
        Huntington, New York 11743
        (631) 423-8527
        arosen@ajrlawny.com
        atsionis@ajrlawny.com