# Samuel Goldman & Associates

200 Park Avenue; Suite 1700
New York, NY 10166
Tel. (212) 725-1400 | Fax (212) 682-0278

March 18, 2020

**<u>Via ECF</u>**
Hon. Elizabeth S. Stong
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza E #1595
Brooklyn, NY 11201

### Re: In re LET Group, LLC, Chapter 7 Case No.: 20-42855-ess

Dear Judge Strong:

Supplementing my letter of yesterday's date, I note that the Report of Sale uses language stating that what was sold was the "right, title and interest" of LET Group in the tradename and IP (Dkt. 26). This language, under common usage and longstanding precedent, is quitclaim language and it means that the transferor is selling whatever interest it has in the transferred assets at the time. It is not warranting what that interest is and it does not prevent others from asserting that the transferor does not have title to those assets.

The language "right, title and interest" is commonly used in quitclaim deeds or assignments and it "passes only the "right, title, and interest [that] the grantor has as the time of making the deed." *See Roeder v. Rogers*, 206 F. Supp. 2d 406, 414 (WDNY 2002). It certainly would not preclude a third-party from asserting or continue its efforts to establish that grantor had no right, title and interest. Further, this would not be an assertion of a "liens, claims or encumbrance" against the transferred assets.

Further, on November 5, 2020, this Court remanded the state court action in which Plaintiffs were prosecuting their claims of ownership to the trademarks and IP, to the state court. This was done in the Aegis 42, LLC, et al. (Index No. 19-47698), bankruptcy case, and the debtor's counsel, the Morrison firm, stated in open Court that it had no objection to this. The LET case had not been consolidated with these. But, if Morrison had believed that the state court trademark and IP claims could be precluded through a judicial sale in the LET case, he should have said something at the time. The case was remanded so the state court could determine title to the trademarks and IP, and the claim that sale now precludes it from doing so is deeply inconsistent with the remand, consented to by LET's counsel.

At the very least, Plaintiffs are entitled to confirmation that the remand order, to which LET's counsel consented, is intact and that Plaintiffs may pursue all of their causes in it.

Thank you again for your consideration.

Respectfully,

*Samuel Goldman*

Samuel Goldman

cc: Lawrence Morrison, Esq.
    Joshua Androphy, Esq.